# Exhibit A

# THE WILBERFORCE ACADEMY OF KNOXVILLE

## Charter of Incorporation

Pursuant to Tenn. Code Ann. Section 48-52-102 under the Tennessee Nonprofit Corporation Act, the described Corporation hereby adopts the following Charter for such Corporation:

1. **Name.** The name of the Corporation is **The Wilberforce Academy of Knoxville**.

2. **Registered Office and Registered Agent.** The street address, zip code and county of the Corporation's initial registered office are 1111 N. Northshore Drive, Ste. S-700, Knoxville, Knox County, Tennessee 37919. The name of its initial registered agent at that office is William D. Edwards, and his email address is wedwards@lrwlaw.com.

3. **Principal Office.** The mailing address, physical address and zip code of the principal office of the Corporation are 448 N. Cedar Bluff Road # 404, Knoxville, Tennessee 37923.

4. **Incorporator.** The name, physical address, mailing address and zip code of the incorporator are William D. Edwards, 1111 N. Northshore Drive, Ste. S-700, Knoxville, Tennessee 37919.

5. **Not for Profit.** The Corporation is not for profit.

6. **Public Benefit.** The Corporation is a public benefit corporation.

7. **No Members.** The Corporation will not have members.

8. **Purposes and Powers.**

    (a) General Purposes. The purposes for which the Corporation is formed are charitable, and in particular religious and educational, within the meaning of Section 501(c)(3) of the Internal Revenue Code of 1986, as amended.

    (b) Specific Purposes. Without limitation of the foregoing, the Corporation is formed to provide Christian educational services, operate a Christian charter school, and conduct activities ancillary thereto. The Corporation affirms the truth of the Apostles' Creed and the inerrancy and infallibility of the Holy Bible. The Corporation intends to be recognized as an educational institution pursuant to Tenn. Code Ann. Section 48-101-502.

    (c) Powers. To these ends, the Corporation shall have the following powers:

    (1) To take and hold by bequest, devise, gift, grant, purchase, lease, or otherwise, any property, real, personal, tangible or intangible, or any undivided interest therein,

without limitation as to amount or value, and to sell, convey, lease, or otherwise dispose of any such property, and to invest, reinvest, or deal with the principal or the income thereof in such manner as, in the judgment of the Board of Directors, will best promote the purposes of the Corporation without limitation, except such limitations, if any, as may be contained in the instrument under which such property is received, this Charter, the Bylaws of the Corporation, or any laws applicable thereto;

(2) To possess and exercise all the powers and privileges granted to nonprofit corporations by the Tennessee Nonprofit Corporation Act, or any act amendatory thereto, or by any other law of the State of Tennessee (including, without limitation, Tenn. Code Ann. Section 49-13-124, Charter School Powers) or by this Charter of Incorporation, together with any powers incidental thereto, either as principal or agent and either alone or in connection with other corporations, organizations or individuals, to the extent that such powers and privileges are necessary, convenient, proper, or incidental to the accomplishment of any of the purposes of this Corporation, or directly or indirectly to promote the interests of this Corporation, or to enhance the values of its properties; and

(3) To do any other act or thing incidental to or connected with the foregoing purposes or in advancement thereof.

9. **Tax-Exempt Status.** The Corporation is constituted so as to accept support from contributions, directly or indirectly, from the general public, and has not been formed for pecuniary profit or financial gain. No part of the net earnings of the Corporation shall inure to the benefit of any director or officer of the Corporation or any private individual (except that reasonable compensation may be paid for services rendered to or for the Corporation for effecting one or more of its purposes), and no director or officer of the Corporation or any private individual shall be entitled to share in the distribution of the corporate assets upon dissolution of the Corporation. No substantial part of the activities of the Corporation shall be the carrying on of propaganda, or otherwise attempting to influence legislation, and the Corporation shall not participate in or intervene in (including the publication or distribution of statements) any political campaign on behalf of any candidate for public office. Notwithstanding any other provision of this Charter, the Corporation shall not conduct or carry on any other activities not permitted to be carried on by an organization exempt from federal income tax under Section 501(c)(3) of the Internal Revenue Code and its regulations, or by an organization contributions to which are deductible under Sections 170(b)(1)(A) and 170(c)(2) of such Code and regulations.

10. **Directors.** The affairs of the Corporation shall be managed by a Board of not less than three directors, the number of which shall be determined by the Board from time to time. The Incorporator shall appoint the initial Board of Directors. The composition of the Board of Directors shall comply with Tenn. Code Ann. Section 49-13-109.

11. **Director and Officer Liability.** Pursuant to and expanding upon Tenn. Code Ann. Section 48-52-102(b)(3), the directors and officers of the Corporation shall have no

B2025832623

personal liability to the Corporation for monetary damages for breach of fiduciary duty as a director or officer; provided, however, that this provision shall not eliminate or limit liability of a director or officer for any breach of a director's or officer's duty of loyalty to the Corporation or for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, or for any violation of Tenn. Code Ann. Section 48-58-304 relating to unlawful distributions.

12. **Indemnification.** Each officer, director, or employee of the Corporation shall be indemnified by the Corporation against expenses reasonably incurred by him or her in connection with any action, suit or proceeding to which he or she may be made a part by reason of being, or having been, an officer, director, or employee of the Corporation, except in relation to matters as to which he or she shall be finally adjudged in such action, suit, or proceeding to have been derelict in the performance of his or her duty as an officer, director, or employee. "Derelict" shall mean grossly negligent, criminally negligent, or intentionally engaging in tortious conduct with the intent to defraud, deceive, misrepresent, or take advantage improperly of a corporate opportunity.

13. **Dissolution.** The directors may dissolve the Corporation voluntarily by distributing the assets of the Corporation in accordance with a plan of distribution whereby the assets are distributed exclusively to one or more organizations that (1) are not for profit, (2) are engaged in activities that are consistent with one or more of the charitable activities of the charter of the Corporation, and (3) are exempt organizations under the provisions of Section 501(c)(3) of the Code. Provided, however, the plan of distribution shall comply with the requirements of Tenn. Code Ann. Section 49-13-110(f) with respect to unencumbered public funds and property purchased with public funds.

14. **Amendment.** The provisions of this Charter are subject to amendment as provided under the laws of the State of Tennessee; provided, however, that no provision contained herein shall be changed, modified, or repealed in such manner as to be inconsistent with the objectives and purposes for which this Corporation is formed.

15. **Duration; Fiscal Year.** The duration of the Corporation shall be perpetual. The fiscal year of the Corporation shall end on October 31.

Dated this 21th day of November, 2025.

*[signature: Wm D Edwards]*

William D. Edwards
Incorporator