UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION (KNOXVILLE)

| | |
|---|---|
| THE WILBERFORCE ACADEMY OF KNOXVILLE,<br><br>Plaintiff,<br>v.<br><br>KNOX COUNTY BOARD OF EDUCATION, et al.,<br><br>Defendants,<br><br>REV. DR. RICHARD COBLE, et al.,<br><br>Intervenor-Defendants. | Case No. 3:25-cv-584-CEA-DCP<br><br>District Judge Charles E. Atchley<br><br>Magistrate Judge Debra C. Poplin |

**PLAINTIFF'S OPPOSITION TO SECOND MOTION TO INTERVENE**

When five individuals—backed by the ACLU, Southern Poverty Law Center, Freedom From Religion Foundation, and Education Law Center—moved to intervene as defendants, Wilberforce did not object "because the existing Defendants are not defending the challenged laws and policies on the merits." Doc.29. Since then, the Court granted that group's motion to intervene; Wilberforce's motion for summary judgment will be fully briefed tomorrow; all existing defendants have responded to the complaint; the parties have exchanged initial disclosures; and the Court has set the schedule. Yet now six more individuals—backed, on information and belief, by the National Alliance for Public Charter Schools—are moving to intervene as defendants.

As Wilberforce flagged when responding to the last motion to intervene, it "does not consent to any additional intervenor-defendants." Doc.29. Wilberforce wants to open a charter school, has already been blocked for a year based on religious discrimination, and cannot serve the children of Knox County until its civil rights are vindicated here and on appeal. This time-sensitive case does not need a new group of additional parties bogging it down. The existing intervenors, whose backers are no slouches when it comes to the strict separation of church and state, will more than adequately

defend the challenged laws. If the new movants want to raise other reasons why a ruling for Wilberforce would be bad, *see* Mot. (Doc.61) at 6, 21, 25-26, then they can make their arguments in an amicus brief—just like the one that the National Alliance for Public Charter Schools filed at the Supreme Court, *see* NAPCS-*Drummond*-Amicus-Br., *Okla. Statewide Charter Sch. Bd. v. Drummond*, Nos. 24-394 & 24-396 (Apr. 7, 2025), perma.cc/X7KQ-LA8M.

This Court should deny this successive motion to intervene. At a minimum, it should condition intervention on movants abiding by the existing schedule and coordinating with the existing defendants to avoid duplication.

## ARGUMENT

Intervention can be as of right under Rule 24(a) or permissive under Rule 24(b). Movants ask for both, but they are entitled to neither. At a minimum, this Court should impose tight conditions on any intervention.

### I.  Movants are not entitled to intervention as of right.

To intervene as of right, movants must establish "four elements": that their motion is "timely"; that their interests are "substantial"; that the parties don't "adequately represent" their interests; and that those interests "may be impaired in the absence of intervention." *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005). Though movants' timeliness is also suspect, they at least fail the last two requirements.

#### A.  This case will not impair movants' interests.

Movants raise one main, unique interest in this suit: They claim that, if Wilberforce wins on liability, then the remedy could "threate[n]" the statutory rights of movants' members. Mot.17-18, 22. They surmise that this Court will rule that charter schools are private schools, that the movants' existing charter schools (who are not parties to this case) will then declare themselves private, that the state and federal government will then be unable to make these schools comply with various conditions on funding, and that these schools will then stop providing programs for disabled students and the like. *See* Mot.18-20.

2

Even if that lengthy chain of events weren't nonlinear and speculative, these "collateral" concerns are too attenuated to justify intervention as of right. *United States v. Detroit*, 712 F.3d 925, 932 (6th Cir. 2013). This case resembles *United States v. Michigan*, where movants tried to intervene "to protect their divergent interests 'in the event'" that the plaintiffs won on liability. 424 F.3d at 444. Those interests, the Sixth Circuit explained, "seem more concerned about what will transpire in the future should the district court determine" that the plaintiffs win on the merits. *Id.* And "while the proposed intervenors may be legitimately concerned about these future issues, they are not now, and possibly never will be, before the district court." *Id.* (cleaned up). So intervention would "complicate the case," "prejudic[e] the original parties," and "prematurely seek to inject issues that are not yet before the court." *Id.* at 444-45. If those issues ever arise, movants can renew their motion then.

### B. The existing intervenors adequately represent movants.

Movants "bea[r] the burden" of proving "inadequate representation." *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) (cleaned up). They cannot because their interests are adequately represented by the existing defendants, especially the existing intervenors. Movants concede that their interests "significant[ly] overlap" with the existing defendants. Mot.28-29. More than overlap, movants' interests lie in preserving Tennessee's existing law on religious charter schools—something the "existing intervenors" are fully committed to doing. *Bridgewater Dairy v. USDA*, 2007 WL 397038, at *1 (N.D. Ohio Jan. 31). Differing "economic interests"—like the kind movants invoke here, Mot.7—are not enough to demonstrate inadequate representation when the movants and existing defendants both "seek to have the funding provisions of [an] Act declared constitutional." *Blount-Hill v. Ohio*, 244 F.R.D. 399, 404 (S.D. Ohio 2005), *aff'd*, 195 F. App'x 482 (6th Cir. 2006).

Movants cannot prove inadequacy by stressing some unique argument that only they will supposedly raise. *Cf.* Mot.6, 21, 25-26. There is no evidence that the existing intervenors will not raise movants' point about the supposed effects of a ruling for Wilberforce on existing charter schools. Many defendants and amici have made this argument in the past. *E.g.*, States-Br.26-32, *Drummond*,

Nos. 24-394 & 24-396 (Mar. 31, 2025), perma.cc/Q563-7H5N. In any event, a "mere difference of opinion" over the existing parties' litigation "tactics" is not inadequate representation. 7C Fed. Prac. & Proc. Civ. §1909 (Wright & Miller, 3d ed.); *accord Bradley*, 828 F.2d at 1192; *Albright v. Ascension Mich.*, 2024 WL 1114606, at *2 (6th Cir. Mar. 14). Neither is a movants' "interest in making an additional constitutional argument in defense of government action." *Victim Rts. L. Ctr. v. Rosenfelt*, 988 F.3d 556, 562 (1st Cir. 2021); *accord SEC v. LBRY, Inc.*, 26 F.4th 96, 100 (1st Cir. 2022). Hence why several courts "have denied motions to intervene … that intended to assert alternative legal arguments." *LBRY*, 26 F.4th at 100 (collecting cases); *e.g.*, *Woodward Harbor LLC v. City of Mandeville*, 2025 WL 1194161, at *5 (E.D. La. Apr. 24); *Nat'l Horsemen's Benevolent & Protective Ass'n v. Black*, 2022 WL 974335, at *6 (N.D. Tex. Mar. 31); *Guenther v. BP Ret. Accumulation Plan*, 50 F.4th 536, 544 (5th Cir. 2022); *Pierson v. United States*, 71 F.R.D. 75, 80 (D. Del. 1976).

**II.     The Court should deny the movants' request for permissive intervention.**

This Court should also deny permissive intervention. Permissive intervention "is wholly discretionary," Wright & Miller §1913, and can be denied for any reason "rationally relevant," *Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 113 (1st Cir. 1999); *accord Michigan*, 424 F.3d at 445. Denying permissive intervention is appropriate here for several reasons, including the same reasons given above for denying intervention as of right. *CDAA v. Granholm*, 501 F.3d 775, 784 (6th Cir. 2007); *Democracy N.C. v. Hirsch*, 345 F.R.D. 147, 151-52 (M.D.N.C. 2023).

To start, movants delayed. When they moved to intervene, the original parties had finished briefing a motion for summary judgment, the Court had set a schedule on that motion, defendants had filed a motion to dismiss, and another group of intervenors had already sought and been granted intervention. Docs.14, 19, 21, 22, 28, 48, 57, 59. Because movants' interests are well-represented by the existing intervenors, "*any* delay caused by [their] intervention" would be "undue." *League of Women Voters of Mich. v. Johnson*, 2018 WL 3861731, at *2 (E.D. Mich. Aug. 14) (emphasis added). And here, their delay could require yet "another set of briefs." *Bridgewater Dairy*, 2007 WL 397038, at *2. This

4

delay and the resulting risk of prejudice is reason enough to reject permissive intervention. *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 956 (9th Cir. 2009).

Movants' intervention would also overly complicate this case. Their presence would inject a *fourth* set of parties, with the concomitant increases in discovery requests, discovery disputes, motions, and scheduling conflicts. *Democracy N.C. v. N.C. Bd. of Elections*, 2020 WL 6591397, at *2 (M.D.N.C. June 24). And all for virtually no upside. As movants concede, their arguments "significant[ly] overlap" with the existing parties, Mot.28-29, so their involvement would largely "duplicat[e]" those "efforts," *Blount-Hill v. Bd. of Educ. of Ohio*, 195 F. App'x 482, 487 (6th Cir. 2006). Their intervention would also "result in duplicative briefing" and "unwarranted procedural complexity." *Ohio Valley Env't Coal., Inc. v. McCarthy*, 313 F.R.D. 10, 31 (S.D.W. Va. 2015); *Penick v. Columbus Ed. Ass'n*, 574 F.2d 889, 891 (6th Cir. 1978). "[C]ases of this importance"—which raise unresolved constitutional questions that will ultimately be decided by the U.S. Supreme Court—should not be bogged down by unnecessary interventions. *CDAA*, 501 F.3d at 784.

Any benefits of intervention could be achieved, without the costs, by letting movants file an amicus brief. *LBRY*, 26 F.4th at 100; *Bradley,* 620 F.2d at 1142. Wilberforce does not oppose amicus briefs, including one from movants or the National Alliance for Public Charter Schools. And this Court is free to consider the impact that a ruling on Wilberforce would have on existing charter schools, assuming the Court deems that policy argument persuasive and legally relevant. Indeed, those with a supposedly unique perspective on "the ramifications" of a case, *see* Mot.29, are well positioned to make their arguments "through amicus briefs," *Daggett v. Comm'n on Governmental Ethics & Election Pracs.*, 172 F.3d 104, 113 (1st Cir. 1999). Movants' very argument has been forcefully pressed in amicus briefs before. *See* NAPCS-*Drummond*-Br., perma.cc/X7KQ-LA8M.

**III.     At a minimum, the Court should impose conditions on intervention.**

If this Court grants intervention, it should impose "reasonable limitations." *United States v. Duke Energy Corp.*, 171 F. Supp. 2d 560, 565 (M.D.N.C. 2001); *e.g.*, *Savannah Riverkeeper v. U.S. Army*

*Corps of Engineers,* 2012 WL 13008326, at *2 (D.S.C. Aug. 14). Intervention as of right "may be subject to appropriate conditions." *Detroit*, 712 F.3d at 932 (cleaned up; quoting Fed. R. Civ. P. 24, advisory cmte. note to 1966 amend.). So can permissive intervention. Wright & Miller §1913. The Court should at least impose tight conditions on movants here.

The Court should first condition intervention on movants following, and not seeking to extend (absent extraordinary circumstances), the existing schedule. *E.g.*, *CHS/Cmty. Health Sys. v. Lexington Ins. Co.*, 2012 WL 3042949, at *4 (M.D. Tenn. July 25); *Cavazos v. De La Vega*, 2021 WL 6753586, at *5 (D.D.C. Apr. 1). Movants should not object to that condition, since they said they want to "make every conceivable effort to comply" with the schedule. Doc.60 at 2.

This Court should also condition intervention on movants coordinating with the existing intervenors and either joining their briefs or filing separate briefs that raise only nonduplicative defenses. Courts can allow a movant "to intervene for the limited purpose" of raising a single argument—like the core argument that movants press here. *Bradley*, 620 F.2d at 1142. Courts can also order intervenors to "join in common briefing," *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 2005 WL 6789301, at *7 (N.D. Cal. May 31), especially when that briefing would otherwise be "duplicative," *Picayune Rancheria of Chukchansi Indians v. Yosemite Bank*, 2013 WL 5154258, at *5 (E.D. Cal. Sept. 10). That condition is appropriate here to ensure this case stays manageable and neither Wilberforce nor the Court must sift through three sets of overlapping briefs on defendants' side.

## CONCLUSION

The Court should deny movants' motion to intervene.

6

Case 3:25-cv-00584-CEA-DCP    Document 63    Filed 02/19/26    Page 6 of 7    PageID #: 527

Dated: February 19, 2026

Respectfully submitted,

*/s/ Cameron T. Norris*
Cameron T. Norris (TN Bar #33467)
Ryan M. Proctor*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com
ryan@consovoymccarthy.com

*Admitted pro hac vice*