UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| THE WILBERFORCE ACADEMY OF KNOXVILLE, | ) |  |
|---|---|---|
|  | ) |  |
|  | ) | Case No. 3:25-cv-584 |
| *Plaintiff,* | ) |  |
|  | ) |  |
| v. | ) | Judge Atchley |
|  | ) |  |
| KNOX COUNTY BOARD OF EDUCATION, *et al.*, | ) |  |
|  | ) | Magistrate Judge Poplin |
|  | ) |  |
| *Defendants.* | ) |  |

## ORDER

Before the Court is Plaintiff The Wilberforce Academy of Knoxville's ("Wilberforce") Motion for Summary Judgment on Liability and Declaratory and Injunctive Relief [Doc. 14] and Defendants Knox County Board of Education, John Butler, Anne Templeton, Patricia Fontenot-Ridley, Kathrine Bike, Lauren Morgan, Betsy Henderson, Steve Triplett, Travis Wright, and Kristi Kristy's (collectively the "Knox County Defendants") Motion for Denial of Plaintiff's Motion for Summary Judgment or For Enlargement of Time to Join Indispensable Parties, Consider any Motion(s) to Dismiss, and Take Discovery, as Necessary [Doc. 19], requesting the Court deny Wilberforce's motion for summary judgment to allow time for discovery pursuant to Federal Rule of Civil Procedure 56(d). For reasons that follow, Wilberforce's Motion for Summary Judgment [Doc. 14] will be **DENIED** without prejudice to refiling after discovery is completed. Knox County Defendants' Motion [Doc. 19] pursuant to Rule 56(d) will be **GRANTED**.

On November 30, 2025, Wilberforce filed this action against Knox County Defendants alleging that Tennessee law, which requires charter schools to operate as "nonsectarian" and nonreligious," violates the Free Exercise Clause of the First Amendment. [Doc. 1]. Just over a

month after filing its initial Complaint and before Knox County Defendants had even responded to it, Wilberforce moved for summary judgment, arguing that accelerated summary judgment is appropriate considering the upcoming charter school application deadlines and immense time it takes to open a charter school. [Doc. 14 at 1–2]. In response, Knox County Defendants filed a separate motion [Doc. 19], requesting the Court deny Wilberforce's motion for summary judgment [Doc. 14] outright or, in the alternative, a stay of consideration until the parties have had an opportunity to conduct at least some discovery. On February 18, 2026, the Court conducted a scheduling conference in this matter and took into consideration the parties' positions on discovery. The Court subsequently entered a Scheduling Order on February 19, 2026, setting the close of discovery deadline for July 7, 2026. [Doc. 62].

"As a rule, summary judgment is improper if the non-movant is not allowed sufficient time to conduct discovery." *McCurry v. McCurry*, No. 2:23-CV-00141-JRG-CRW, 2024 U.S. Dist. LEXIS 194979, at *5 n.3 (E.D. Tenn. Aug. 20, 2024) (citing *March v. Levine*, 249 F.3d 462, 473 (6th Cir. 2001)). Indeed, "[m]otions for summary judgment filed before the close of discovery are often denied as premature in this Circuit." *Marvaso v. Sanchez*, No. 18-12193, 2019 U.S. Dist. LEXIS 114274, at *2 (E.D. Mich. July 10, 2019) (collecting cases). This is because of the well-established principle that a party must receive "'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (internal citation omitted). In practice, Rule 56(d) of the Federal Rules of Civil Procedure operates as a mechanism for parties to use to protect their opportunity to conduct discovery.

If a party cannot present facts essential to opposing a motion for summary judgment, it may invoke Rule 56(d). The rule provides: "[i]f a nonmovant shows by affidavit or declaration

2

that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). As another court within this Circuit has explained:

> When filing a Rule 56(d) motion, the movant "must do so in good faith by affirmatively demonstrating . . . how postponement of a ruling on the motion will enable him . . . to rebut the movant's showing of the absence of a genuine issue of fact." *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019) (quoting *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014)). Specifically, the movant must submit an affidavit or declaration "indicat[ing] to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Ball*, 385 F.3d at 720 (quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)).
>
> In deciding a Rule 56(d) motion, courts consider five factors known as the "*Plott* factors": "(1) when the movant learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery has the potential to change the ruling at issue; (3) how long the discovery period had lasted; (4) whether the movant was dilatory in its discovery efforts; and (5) whether the party moving for summary judgment was responsive to discovery requests." *Schobert v. CSX Transportation Inc.*, 504 F. Supp. 3d 753, 802 (S.D. Ohio 2020) (citing *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008)); *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995).
>
> While several factors guide the Rule 56(d) analysis, the "main inquiry" for this Court's analysis is "whether the moving party was diligent in pursuing discovery." *E.M.A. Nationwide, Inc.*, 767 F.3d at 623 (internal quotations omitted) (quoting *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir.2010)). Although a nonmovant "possesses no absolute right to additional time for discovery under Rule 56," *Emmons v. McLaughlin*, 874 F.2d 351, 356 (6th Cir. 1989), the Sixth Circuit has emphasized that "'requesting time for additional discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence.'" *Doe*, 928 F.3d at 490 (quoting *E.M.A. Nationwide, Inc.*, 767 F.3d at 623 n.7).

*Cologix Col5, LLC v. 655 Dearborn Park Lane, LLC*, No. 2:22-cv-4280, 2025 U.S. Dist. LEXIS 188876, at *9–10 (S.D. Ohio Sept. 25, 2025).

Importantly, Rule 56(d) and the *Plott* factors generally contemplate a circumstance in which some discovery has already taken place and the nonmovant seeks additional time to

complete it. In this case, however, discovery has only just begun, making it difficult, if not impossible, for the Court to evaluate whether Knox County Defendants were "diligent in pursuing discovery." *Cologix Col5, LLC*, 2025 U.S. Dist. LEXIS 188876, at *10. Although Rule 56(d) is most commonly invoked to obtain additional discovery, nothing in the text limits its application to cases where, as here, the nonmovant has not had a meaningful opportunity to conduct any discovery.

In support of its Rule 56(d) motion, Knox County Defendants have submitted two declarations: that of Theresa Nixon, Executive Director of Academic Supports for Knox County Schools, and that of David M. Sanders, counsel representing Knox County Defendants. [Docs. 19-1, 19-2]. These declarations detail, among other things, the charter school application process, the laws and rules governing the process, and Knox County Defendants' plan to raise issues relating to standing, mootness, ripeness, and indispensable parties, issues that will inevitably likely require discovery. [*Id.*]. For example, Knox County Defendants have filed a Motion to Dismiss asserting, among other things, that Wilberforce lacks standing because it never actually submitted an application to become a charter school. [Doc. 57 at 10–11]. Wilberforce has asserted, in its response to Knox County Defendants' Rule 56(d) Motion [Doc. 19], that it would be futile to apply, and, therefore, it need only show that it is "able and ready" to apply to have standing. [Doc. 48 at 1–2]. However, as Knox County Defendants have argued, discovery will be necessary to determine whether Wilberforce would actually be able to submit a successful application and operate a charter school. Nevertheless, in support of its "able and ready" argument, Wilberforce cites to *Carney v. Adams*, 592 U.S. 53, 60 (2020). Although the Supreme Court recognizes this "able and ready" exception for standing purposes, the court reached its conclusion after careful review of the evidence in the record. *See Carney*, 592 U.S. at 61 ("Those statements, however,

4

must be considered in the context of the record, which contains evidence showing that, at the time he brought this lawsuit, Adams was not 'able and ready' to apply.'). Unlike in *Carney*, the Court presently does not have the benefit of a full and complete record to make such a determination.

It is clear to the Court that this case presents issues of significant constitutional importance. *See Okla. Statewide Charter Sch. Bd. v. Drummond ex rel. Okla.*, 605 U.S. 165 (2025). Given the weight of those questions, it would be inappropriate for the Court to rule on the constitutionality of Tennessee's charter school framework without the benefit of a developed factual record. As the Supreme Court has recognized, "district courts have inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Consistent with that authority, and pursuant to the current Scheduling Order [Doc. 62], the Court has implemented an expedited schedule that balances efficiency with fairness to both parties. In matters of constitutional consequence, it is better to measure twice and cut once.

Accordingly, Knox County Defendants' Rule 56(d) Motion [Doc. 19] is **GRANTED**, and Wilberforce's Motion for Summary Judgment [Doc. 14] is **DENIED** without prejudice to refiling after discovery is completed.

**SO ORDERED.**

/s/Charles E. Atchley, Jr.
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**