THE WILBERFORCE ACADEMY OF
KNOXVILLE,

*Plaintiff*,

v.

KNOX COUNTY BOARD OF
EDUCATION, et al.,

*Defendants*,

RICHARD COBLE, et al.,

*Intervenor-Defendants*,

ADRIENNE CARROLL, et al.,

*Intervenor-Defendants*.

Case No. 3:25-cv-584-CEA-DCP

District Judge Charles E. Atchley

Magistrate Judge Debra C. Poplin

## PLAINTIFF'S SURREPLY IN OPPOSITION TO
## DEFENDANTS' MOTION TO DISMISS

The Sixth Circuit's recent decision in *Roberts v. Progressive*—now the sole focus of Knox County's standing attack, *see* MTD-Reply (Doc.71) at 1-4—does not affect this case for several reasons.

**1.** *Roberts* does not address standing to seek forward-looking relief. Roberts pursued "only … damages claims." 2026 WL 508264, at *2 (Feb. 24). But Wilberforce seeks retrospective and prospective relief. Verif.-Am.-Compl. (Doc.10) 16. Even if its past injury in the 2026 application cycle were "self-inflicted," *Roberts*, 2026 WL 508264, at *4, Wilberforce can seek relief as to future application cycles so long as it is "'able and ready' to apply" once the discriminatory barrier is removed. *Carney v. Adams*, 592 U.S. 53, 64 (2020); *accord Gratz v. Bollinger*, 539 U.S. 244, 262 (2003). Wilberforce plausibly alleges that it is. MTD.Opp. (Doc.70) 9-10; Wishart-2d-Supp.-Decl. (Doc.70-1) ¶4. Because *Roberts* involved no forward-looking relief, it did not purport to overrule the many cases holding that "a plaintiff need not translate his or her desire for a [benefit] into a formal application where that application would be merely a futile gesture." *Adams*, 592 U.S. at 66 (cleaned up); *accord Lac Vieux Desert Band of Lake Superior Chippewa Indians v. Mich. Gaming Control Bd.*, 172 F.3d 397, 406 (6th Cir. 1999) (agreeing, "particularly when the First Amendment is implicated").  Nor could it have overruled these earlier binding precedents. *See United States v. Jarvis*, 999 F.3d 442, 445-46 (6th Cir. 2021).

**2.** Even with respect to damages, Roberts lost based on unique pleading issues that do not affect Wilberforce. The defendants in *Roberts* operated a grant program nominally limited to "black-owned small businesses." 2026 WL 508264, at *1. The plaintiff Roberts, who was white, started but did not complete an application. *Id.* He then sued for damages, claiming the defendants discriminated by refusing to form "two, sequential contract agreements" with him—"the contract to compete for the grant money" ("the application-stage contract") and the contract to receive the money ("the grant-stage contract"). *Id.* at *2. The Sixth Circuit held he had no standing. Roberts's sole asserted injury was his inability "to enter into the *application-stage* contract." *Id.* at *4 (emphasis added). But that injury was "self-inflicted" because "Roberts would have entered into the application-stage contract as soon

1

as he submitted his completed application." *Id.* at *6. The application did not "requir[e] him to list his race or … to certify his compliance with the race-based eligibility criteria before clicking 'submit.'" *Id.* at *5. And although Roberts might have been injured by the discriminatory "denial of the ultimate grant," that "injury was not at issue," because the sole "injury" he "alleged" was his "inability" to enter "the separate application-stage contract." *Id.* at *6. Roberts never alleged that the defendants "ever applied, or threatened to apply, the grant's race-based eligibility requirement to him." *Id.* at *5.

Inability to complete an application is not the sole injury that Wilberforce has alleged. Wilberforce squarely alleges that Knox County's conduct denies it the "fair opportunity to establish a charter school," not merely the ability to submit an application. Verif.-Am.-Compl. ¶10; *see also* Wishart-Decl. (Doc.15) ¶¶11-12; MTD.Opp. 5-10. And the county *has* "threatened to apply" its discriminatory "eligibility requirement" to Wilberforce. *Roberts*, 2026 WL 508264, at *5; *see* MTD.Opp.7-8; Verif.-Am.-Compl. ¶¶25-26, ¶28, ¶47.

Regardless, Knox County's discrimination also prevents Wilberforce from completing an application. Unlike in *Roberts*, the charter application "require[s]" Wilberforce "to certify [its] compliance with the [discriminatory] eligibility criteria before" submitting. 2026 WL 508264, at *5. The mandatory application form "require[s]" each sponsor to "affirm" that its charter school will operate as a "non-sectarian, non-religious" school. Doc.70-4 at 10, 14; *see* MTD.Opp.7; Wishart-Supp.-Decl. (Doc.48-1) ¶5. If the sponsor fails to do so, its application must be deemed "incomplete" and denied. Tenn. R. & Regs. §520-14-01-.01(1)(g)(2), (1)(i). And the county claims it has no "power or authority" to disregard the requirements of the mandatory "application form." MTD (Doc.57) 22-23; *see also* MTD.Opp.7.

**3.** Were the Court to find *Roberts* on point, it should at least grant Wilberforce leave to amend. *See* Fed. R. Civ. P. 15(a)(2). *Roberts* turned entirely on "Roberts's own legal theory" in his "complaint." 2026 WL 508264, at *6. Any similar defect here could be fixed with an amended complaint that pinpoints the relevant injury as discrimination in "the denial of the ultimate" benefit. *Id.*

2

Dated: March 16, 2026

Respectfully submitted,

<u> /s/ Cameron T. Norris</u>
Cameron T. Norris (TN Bar No. 33467)
Ryan M. Proctor*
R. Gabriel Anderson*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com

*admitted pro hac vice*

*Counsel for Wilberforce Academy*

3