# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# NORTHERN DIVISION (KNOXVILLE)

| | |
|---|---|
| THE WILBERFORCE ACADEMY OF KNOXVILLE,<br><br>*Plaintiff,*<br><br>v.<br><br>KNOX COUNTY BOARD OF EDUCA-TION,<br><br>*Defendant,*<br><br>RICHARD COBLE, et al.,<br><br>*Intervenor-Defendants,*<br><br>ADRIENNE CARROLL, et al.,<br><br>*Intervenor-Defendants.* | Case No.  3:25-cv-584-CEA-DCP<br><br>District Judge Charles E. Atchley<br><br>Magistrate Judge Debra C. Poplin |

## OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS BRIEF

Wilberforce does not plan to oppose amicus briefs in this important case, but the Tennessee Charter School Center is not a normal amicus. Its motion says the Center "takes no position on the First Amendment issues raised in this case," Doc.102 at 2, and its proposed brief claims to be "in support of neither party," Proposed-Br. (Doc.103). But its claimed neutrality is false. The Center neglects to mention that it *recruited* the Carroll intervenors to join this case and to oppose Wilberforce on the merits. The Center's proposed brief echoes those parties' arguments. And neither its motion nor its brief discloses its involvement in this litigation. Because the Center is effectively in this case already as a party, it should not also be allowed to also file an amicus brief. This Court should deny the Center's motion. *See* Doc.102.

\*

The Center is the Tennessee chapter of the National Alliance for Public Charter Schools. *State Associations*, NAPCS, perma.cc/BB2B-3B59 (archived Aug. 13, 2026). NAPCS and its state chapters are not neutral on the merits of this case. NAPCS filed an amicus brief against the religious charter school in the Oklahoma case, calling the legal position that Wilberforce advances here an "existential

threat." *See* NAPCS Amicus Br. iso Resp. at 3, *Okla. Statewide Charter Sch. Bd. v. Drummond*, 605 U.S. 165 (2025) (Nos. 24-294, 24-396), perma.cc/99GZ-75N6. And NAPCS has a webpage dedicated to this case, where it warns that Wilberforce's legal position would make charters "lose access" to funding and certain protections. *Wilberforce Case Page*, NAPCS, perma.cc/X6TU-UXS9 (archived Aug. 13, 2026). That page also describes the Carroll intervenors as "a group of charter school parents" who intervened "to help defend the lawsuit" against "Wilberforce's claim." *Id.*

The Carroll intervenors are here because of the Center and NAPCS. The Carroll intervenors are parents of students who attend charter schools in Nashville, Memphis, and Chattanooga. Doc.61 at 6. Getting them together required coordination and resources, since these parents have no apparent prior relationship and are spread out across the State. When the Carroll intervenors filed their motion to intervene, NAPCS issued a press statement "thank[ing]" them for "their leadership, their advocacy, and their belief in our shared purpose." *Tennessee Parents Step Forward to Protect Public Charter Schools*, NAPCS (Feb. 19, 2026), perma.cc/ST5K-UALH. Wilberforce noted in its opposition that the Carroll intervenors were "backed" by NAPCS, Doc.63 at 1, and the Carroll intervenors never denied that fact in their reply, Doc.68. When their intervention was granted, NAPCS put out another statement publicizing this Court's decision and confirming that "[w]e stand with these six Tennessee parents." *Tennessee Parents Approved as Intervenors in Case to Protect Public Charter Schools*, NAPCS (Apr. 14, 2026), perma.cc/8YXL-XR37.

In her deposition, one of the Carroll intervenors admitted that the Center was the entity that recruited these parents to join this lawsuit:

> **Q** And is it fair to say that … the Tennessee Charter Center was recruiting individuals to join this litigation?
>
> **A** I think they said something about there's an opportunity to help if, you know, you – if there's somebody that wants to and they have experience, you know, they're – if they have experience with students with 504s and gave you some information.
>
> **Q** Did you respond to one of those emails?

2

**A** I must have.

**Q** Is that how you came to be involved in this case?

**A** Yes.

Slater-Depo.-Tr. (Doc.99-4) 142:7-24 (objections deleted); *see also id.* 138:21–139:3.

In all their public-facing materials, NAPCS and the Center echo the arguments that the Carroll intervenors are making here. They say charter schools are public schools, and that Wilberforce's legal position would make charter schools private and thus jeopardize their resources and protections. *See* NAPCS-*Okla.*-Amicus-Br.19-25; *Wilberforce Case Page*; *Tennessee Parents Step*; *Tennessee Parents Approved.* Though the Center's proposed amicus brief here claims to be neutral, its legal arguments try to show that charter schools are controlled by the State, *see* Proposed-Br.7-10—the same argument the Carroll intervenors are making to prove that charter schools are "public" and thus cannot be religious, *see* Carroll-MSJ (Doc.110) 17-18. Neither the Center's proposed brief nor its motion for leave discloses the Center's relationship with the Carroll intervenors.

\*        \*

While amici are no longer expected to be independent on the merits, they are expected to be independent from *the parties. See United States v. Michigan*, 940 F.2d 143, 164-65 (6th Cir. 1991). "When the party seeking to appear as amicus curiae is perceived to be an interested party or to be an advocate of one of the parties to the litigation, leave to appear amicus curiae should be denied." *Liberty Lincoln Mercury v. Ford Mktg. Corp.*, 149 F.R.D. 65, 82 (D.N.J. 1993). An entity that has other litigation against one of the parties, for example, is "too adversarial" to be an amicus. *In re Edison Mission Energy*, 610 B.R. 871, 879 (Bankr. N.D. Ill. 2020); *Bright v. Brookdale Senior Living*, 2020 WL 12893860, at \*2 (M.D. Tenn. Oct. 23). So is an entity that participated in the current case, even if that participation was indirect and has since ended. *See Fischer v. BMW of N.A.*, 2021 WL 5458444, at \*7 n.6 (10th Cir. Nov. 23) (denying leave to an amicus that was represented by a lawyer who used to represent one of the parties in the case). Perhaps the easiest case for exclusion is an amicus brief from someone who

3

controls, hired the lawyers for, or is otherwise in privity with one of the parties. *See Holman v. Future Growth*, 2024 WL 3413864, at \*2 (D. Kan. July 15). These double-dipping amicus briefs "prejudice" the opposing party by "circumvent[ing] the page limitations on the parties' briefs." *NOW v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000). And they "are not useful or helpful to the Court" because they "repea[t] arguments already articulated" by the parties. *Holman*, 2024 WL 3413864, at \*2.

This Court should deny the Center's motion for leave because the Center is effectively already here as a party. The Center and NAPCS could have been amici in this case, or they could have become a party by recruiting charter-school parents, hiring their lawyers, and intervening. The Center and NAPCS chose the latter option. Letting the Center also file an amicus brief would be unfair to Wilberforce. The Center claims to support neither party, when really it recruited the Carroll intervenors and its proposed brief amplifies those parties' arguments. *Compare* Proposed-Br.7-10*, with* Carroll-MSJ 17-18. Letting one party claim the support of a supposedly neutral organization that, in reality, is backing their litigation is misleading and unfair. And it should concern the Court, especially since the Center "should have disclosed [its] involvement in this litigation" but did not. *Fischer*, 2021 WL 5458444, at \*7 n.6. It also gives the Carroll intervenors more pages and another voice to make their arguments. *NOW*, 223 F.3d at 617. Because the Center is not "'a disinterested entity'" based on its other "involvement" in this case, its motion for leave to file an amicus brief should be denied. *Fischer*, 2021 WL 5458444, at \*7 n.6.

4

Dated: August 13, 2026

Respectfully submitted,

*/s/ Cameron T. Norris*
Cameron T. Norris (TN Bar No. 33467)
Ryan M. Proctor*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com
ryan@consovoymccarthy.com

*admitted pro hac vice*